CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
SEP 28 2007
JOHN F. CORCORAN, CLERK
BY: HMcDonald
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WINFRED MALLORY,<br>Petitioner, | Civil Action No. 7:07cv00467 |
| v. | **MEMORANDUM OPINION** |
| DIRECTOR VIRGINIA<br>DEPT. OF CORRECTIONS,<br>Respondent. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Winfred Mallory, a Virginia inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his sentence for a probation violation. For the following reasons, I find that Mallory has failed to exhaust his available state court remedies and, therefore, I must dismiss his petition.

## BACKGROUND

In February 2007, Mallory pleaded guilty to a probation violation and was sentenced to 18 months incarceration by the Greene County Circuit Court. Mallory filed no appeal of his judgment of conviction, but later filed "hand written motions" to have his sentence run concurrent with another sentence. He also concedes that he never appealed the decisions on these motions. Finally, Mallory claims that he filed a motion for reconsideration, which he also did not appeal. Mallory concedes that all of his motions have been filed in the Greene County Circuit Court and have not been raised in any higher state court. In his instant motion, Mallory claims that his sentence is too long and that counsel provided ineffective assistance of counsel.

## DISCUSSION

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is satisfied by seeking review of the claims in the highest state court with jurisdiction to consider the claims. In Virginia, a non-death row inmate can exhaust his state remedies in one of three ways, depending on the nature of the claims he is raising. First, he can file a direct appeal to the Court of Appeals of Virginia, with a subsequent appeal to the Supreme Court of Virginia

if the Court of Appeals rules against him. Second, he can attack his conviction collaterally by filing a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code § 8.01-654. Finally, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that he must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them. See O'Sullivan v. Boerckel, 526 U.S. 828, 845 (1999).

In this case, it is clear that Mallory's present claim has not been adjudicated by the Supreme Court of Virginia. In his petition, Mallory concedes that no direct appeal was filed, but claims that he filed several "hand written motions to Judge Bouton to have the sentences run concurrent" and that he filed a motion for reconsideration which he also sent to Judge Bouton. Judge Bouton is the Chief Judge of the Greene County Circuit Court in Virginia. Mallory also concedes that he has not appealed any of his motions to any higher state court. Further, it is clear that Mallory has not pursued a habeas corpus action in state court. Therefore, the court finds that he has failed to fully exhaust available state court remedies prior to filing the instant petition, as required by 28 U.S.C. § 2254(b). For this reason, I dismiss Mallory's petition as unexhausted and without prejudice.

The petitioner is advised that he may refile his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Supreme Court of Virginia. The petitioner is also advised that his time to file a state or federal habeas petition is now limited. See 28 U.S.C. § 2244(d); Virginia Code § 8.01-654(A)(2).

The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the petitioner.

ENTER: This 28th day of September, 2007.

Senior United States District Judge

2